## 14040

### BEARD v. AIKEN COUNTY STORES, INC.

(Two cases)

(179 S. E., 616)

*Messrs. Gunter & Wilder* and *Williams & Busbee,* for appellant,

*Messrs. Hendersons* and *Salley,* for respondent,

April 10, 1935.

The opinion of the Court was delivered by Mr. Justice Bonham.

The appellant is a merchant at Langley (Aiken County), S. C. The respondent is a mercantile corporation with stores

at the towns of Langley, Bath, and Clearwater in Aiken County, S. C. Aiken Mills, Inc., is a corporation engaged in the manufacture of cotton goods in Horse Creek Valley of Aiken County. It is alleged in the complaints in these actions that the mills own the controlling stock in the stores, defendant herein; that the defendant stores issued certain metal checks, tokens, or evidence of indebtedness payable in merchandise only at its stores at Langley, Bath, and Clearwater, and not transferable; that the checks, tokens, or evidences of indebtedness were issued to the employees of Aiken Mills, Inc., in payment of their labor in said mills, and those to whom they were issued were required and compelled to trade out the amounts thereof in the stores of the defendant; that if the persons to whom such checks, tokens, or evidences of indebtedness were issued transferred them to any other person, the transferree was refused cash for them when presented for payment. The plaintiff in these two actions alleges that he became possessed of some of these checks, tokens, or evidences of indebtedness at their face value, which he presented to defendant, and demanded payment in cash, which was refused; that the issuing of the checks, tokens, or evidences of indebtedness, in the manner so issued and circulated, and the refusal to redeem them in cash when so presented, were in violation of the provisions of Sections 7034 and 7035 of the Code of Laws of South Carolina 1932, which sections are as follows:

"§ 7034. Certificate for Wages Due—Negotiable—Redemption—Employers with Regular Pay Days—Exceptions.—It shall not be lawful for any corporation, person or firm in this State engaged in the manufacture of cotton goods, to issue or pay out, or circulate for payment of wages of laborers any order, check, memorandum, token or evidence of indebtedness, payable in whole or in part otherwise than in lawful money of the United States, unless the same is negotiable and redeemable at its par value, without discount in cash or in goods, wares or mechandise, or supplies

at the option of the holder at the store or other place of business of such firm, person or corporation, or at the store of another person on whom such paper may be drawn where goods, wares or merchandise are kept for sale or sold or exchanged, and the person who, or the corporation, firm or company, which may issue any such order, check, memorandum, token or other evidence of indebtedness, shall, upon presentation and demand, at the expiration of one week from date of delivery thereof, redeem the same in goods, wares, merchandise or supplies at the current cash market price of like goods, wares, merchandise or supplies, or in lawful money of the United States as may be demanded by the holder of any such order, memorandum, token or other evidence of indebtedness; Provided, That if said corporation, person or firm engaged as specified in this section, have a regular pay day once in every week, then said corporation, person or firm shall not be required to redeem such token or evidence of indebtedness in cash until the first pay day after the same becomes payable as herein provided, and such token or evidence of indebtedness shall be presented for payment in cash only on such days: Porvided, That the provisions of this section shall not apply to agricultural contracts or advances made for agricultural purposes.

"§ 7035. Penalty for Violation of Provisions.—Any officer or agent of any corporation or of any person, firm or company engaged in the business of manufacturing or mining in this State, who by themselves or agent shall issue or circulate in payment for wages of labor any order, check, memorandum, token or evidence of indebtedness, payable in whole or in part otherwise than in lawful money of the United States, without being negotiable and payable at the option of the holder in goods, wares, merchandise, supplies or lawful money of the United States as required by Section 7034 or who shall fail to redeem the same when presented for payment within thirty days from date of delivery thereof, by the said company or its agent, at his or their

office or place of business, in lawful money of the United States, or who shall compel or attempt to coerce any employee of any such corporation, shall forfeit to the employee or legal owner and holder of such order, check, memorandum, token or evidence of indebtedness fifty dollars, to be recovered in any Court of competent jurisdiction: Provided, That in establishments for manufacturing lumber or brick, such checks shall not be redeemable in cash except on regular pay days."

On this statement of facts plaintiff brought two actions in magistrate's Court; one for $5.00, the amount of one such token, and $50.00 penalty; and one for $1.00, the value of another such token, and $50.00 penalty. The cases were heard together then and on appeal to the Circuit Court, and are heard together here. The magistrate gave judgment in each case for the amount demanded.

On appeal to the Circuit Court, Judge Rice, presiding, reversed the judgment of the magistrate.

From the decree of Judge Rice the appeal comes to this Court. The testimony and exhibits are voluminous, but after all the controlling question to be determined is: Were these checks, tokens, or evidences of indebtedness issued by the respondent in payment for labor done in the cotton mills?

The Circuit Judge has evidently given to the consideration of this question of fact a careful review and analysis of the evidence, and has reached the conclusion that the checks, tokens, or evidences of indebtedness were not given in payment of labor.

In the case of *Johnson, Lytle & Co. v. Spartan Mills,* 68 S. C., 339, 47 S. E., 695, 701, 1 Ann. Cas., 409—a case of like nature with this—the Supreme Court said: "The circuit court has found, as matter of fact, that the testimony does not bear out the conclusion of the magistrate that the checks in question were issued in payment for labor. This being an appeal in a case at law, the finding of the circuit court on a question of fact is not reviewable."

This ruling has been time and again reiterated by this Court. We may say, however, that a review of the evidence satisfies us that the finding of the Circuit Judge is sustained by the preponderance of the evidence.

The appeal is dismissed and the judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. ACTING ASSOCIATE JUSTICES E. C. DENNIS and C. J. RAMAGE concur.

MR. JUSTICE CARTER concurs in result.

MR. JUSTICE CARTER (concurring in result):

While I do not think the Circuit Judge is sustained by the preponderance of the evidence on the issues of fact involved in the case, I think there is some evidence to sustain his finding, and this being an appeal in a case at law, under the well-recognized rule as stated in the case of *Johnson, Lytle & Co. v. Spartan Mills,* 68 S. C., 339, 47 S. E., 695, 1 Ann. Cas., 409, the finding of the Circuit Judge is not reviewable by this Court. I therefore concur in the result.